

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2002

# Morgan v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1734

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Morgan v. Comm Social Security" (2002). *2002 Decisions.* Paper 671.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/671

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———————

No. 02-1734
———————

ANTOINETTE MORGAN,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY,

Appellee

———————

On Appeal from the United States District Court
for the District of Delaware

United States Magistrate Judge: The Honorable Mary Pat Thynge
(Civil Action No. 01-244-MPT)

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 13, 2002

Before: ALITO and FUENTES, Circuit Judges, OBERDORFER,* District Judge.

(Opinion filed October 28, 2002)

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of
Columbia, sitting by designation.

———————————————

FUENTES, Circuit Judge:

Plaintiff Antoinette Morgan appeals the District Court's dismissal of her complaint seeking judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits and Supplemental Security Income.

Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). This Court neither undertakes a de novo review of the decision, nor does it re-weigh the evidence in the record. Monsour Med. Ctr. v. Heckler, 806 F. 2d 1185, 1190-91 (3d Cir. 1986). "We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F. 3d 358, 360 (3d Cir. 1999) (citations omitted). Substantial evidence is evidence that is less than a preponderance, but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971). That is, it "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); accord Hartranft, 181 F.3d at 360.

We have carefully considered Morgan's arguments in this appeal and find that they lack merit. For the reasons substantially stated in the Magistrate Judge's well-reasoned and

thorough opinion, <u>Morgan v. Secretary of Health and Human Services</u>, No. CIV. A. 01-244-MPT, 2002 WL 732091, at * 6 (D. Del. Feb. 13, 2002), we find that the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence.

In his findings, the ALJ found that while plaintiff showed residual effects of right wrist surgeries, cervical strain and post-traumatic stress disorder, she did not present sufficient credible evidence to demonstrate that her impairments "considered either singly or in combination, are of a severity to meet or equal any of the impairments listed in the . . . Regulations." <u>Id.</u> at *3 (citations and quotations omitted). We note, in particular, that in assessing plaintiff's testimony, the ALJ found that Morgan exaggerated her complaints of pain and that her testimony relating to the amount of time she was required to rest was not credible. In sum, we agree with the District Court that substantial evidence supports the ALJ's determination that plaintiff did not suffer from a disability as defined in the Social Security Act. We therefore affirm.

By the Court,

/s/ Julio M. Fuentes
Circuit Judge

3